IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

DELFON L. HARE, SR.,

    Plaintiff,

v.

    Case No.: GJH-16-3296

JAE B. SHIN, et al.,

    Defendants.

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Delfon L. Hare, Sr., ("Plaintiff") filed the instant self-represented civil rights complaint against known and unknown federal, state and local officials involved in his 2006 arrest and subsequent conviction. ECF No. 1 at 10-13.[1] In addition, Plaintiff raises a malpractice claim against his attorney, Michael Worthy, who represented him in the state court proceedings. *Id.* at 14. Plaintiff seeks declaratory judgment, injunctive relief and punitive and compensatory damages. *Id.* at 14-19. Plaintiff has also filed a Motion for Leave to Proceed in Forma Pauperis, ECF No. 2, which shall be granted. No hearing is necessary. Loc. Rule 105.6 (D. Md. 2016). For the following reasons, the case will be dismissed.

### I.    BACKGROUND

Plaintiff complains that in 2006, Jae B. Shim, an agent of the Federal Bureau of Investigation ("FBI"), stated that Plaintiff's October 11, 2006 arrest by Shim and employees of

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

the Prince George's County Police Department was made pursuant to a body attachment warrant issued in the State of Maryland.[2] ECF No. 1 at 10. Antonio Hill, a Prince George's County Police Detective, also stated in October of 2006, that the FBI called to arrest Plaintiff pursuant to a warrant. *Id.* Plaintiff alleges that on July 27, 2008, Assistant United States Attorney Deborah Johnston stated that Plaintiff's October 2006 arrest resulted from a federal investigation. *Id.* Plaintiff claims that Shim, Hill, and Johnston did not secure or produce the legal justification for his October 2006 arrest, in violation of Plaintiff's constitutional and statutory rights. *Id.* Plaintiff maintains that no warrant in fact exited prior to his October 11, 2006 arrest. *Id.* at 11. He alleges that Johnston was aware of this fact and concealed Shim's false declaration. *Id.*

As to his second claim, Plaintiff alleges that on July 27, 2008, Johnston failed to disclose that a writ of habeas corpus ad prosequendum had been issued. *Id.* Plaintiff states that he was convicted of obstruction of justice because Johnston failed to disclose the writ. *Id.* He further

---

[2] A review of this Court's docket reflects that a criminal complaint was filed against Plaintiff on October 12, 2006, charging him with narcotics related offenses. *See United States v. Hare,* Criminal No. RWT-07-189 (D. Md. 2007). Subsequently, Plaintiff pled guilty to one count and was sentenced to a total term of 360 months incarceration. *Id.* In denying Plaintiff's Motion to Vacate filed in his federal criminal case, the Court offered in part the following factual background:

> Delfon Lebrew Hare was arrested on October 11, 2006 by the Prince George's County Police Department. As the police moved towards him that day, Hare fled, throwing "what appeared to be a brown paper bag down a drainage area." The bag contained a substance that field tested positive for cocaine, and Hare was charged with state crimes and held in county custody. On October 12, 2006, a criminal complaint was filed against Hare in this Court, and an arrest warrant was issued, "against which [federal agents] filed a detainer on Petitioner with the Prince George's County Detention Center." Hare was held on state charges in county custody until a federal grand jury indicted him on April 18, 2007, after which he was transferred to federal custody and appeared before this Court on May 21, 2007. A federal grand jury issued a superseding indictment on May 23, 2007, and then Assistant Federal Public Defender Matthew Kaiser entered his appearance to represent Hare before this Court on May 25, 2007.

*Id.* at ECF No. 88, p. 1-2 (internal citations omitted).

A review of the Maryland Judiciary Case Search indicates that Plaintiff also pled guilty to possession of a controlled dangerous substance in the Circuit Court for Prince George's County on May 17, 2007. *See State v. Hare,* Case No. CJ070736, Circuit Court for Prince George's County, http://casesearch.courts.state.md.us/

2

alleges that the State of Maryland claims the writ was successfully mailed and faxed to the United States Marshal Service and that he had a right to know whether the writ was received by the U.S. Marshal. *Id.* Plaintiff maintains that Johnston's failure to disclose the writ further concealed Shim's falsified declarations regarding the October 11, 2006 arrest. *Id.*

In support of his third claim, Plaintiff states that multiple individuals, acting together, have concealed official misconduct regarding his October 11, 2006 arrest and imprisonment. Plaintiff states that he has the right to be served with a true and correct copy of the justification for his seizure and the probable cause for his arrest. *Id.* In support of this claim, Plaintiff states that Harold Hayes, a Prince George's County police officer, failed to secure the warrant, thus allowing Plaintiff's unlawful arrest to proceed. *Id.* at 12. Plaintiff also states that Theresa Dean, whose role is unidentified by Plaintiff, also knew that the legal justification for his arrest had to be made a part of the record. *Id.* Plaintiff alleges Allison Green, an Assistant State's Attorney for Prince George's County, knew Plaintiff's arrest was a result of false arrest and imprisonment and that no warrant existed. *Id.* Plaintiff states that she endeavored to prosecute him for 4 years before abandoning the prosecution without explanation. *Id.* Plaintiff states that Hayes, Dean, and Green all knew that a warrant did not exist. *Id.*

In support of his fourth claim, Plaintiff alleges that on May 17, 2007, Attorney Michael Worthy, Assistant State's Attorney Green and the Honorable Vincent J. Femia[3] conducted a criminal proceeding in Plaintiff's absence. *Id.* Plaintiff states that he could not waive his rights or be convicted of a felony offense without personally admitting the crime. *Id.* at 12-13. Plaintiff states that Worthy abandoned and breached his fiduciary duty as Plaintiff's attorney, and Green unlawfully accepted and entered a guilty plea in Plaintiff's absence. Likewise, Plaintiff states

---

[3] The Clerk shall amend the docket to reflect the correct spelling of Judge Femia's name.

3

that Judge Femia entered the guilty plea improperly. He states that Judge Femia knew Plaintiff was detained in the county jail and that Femia also knew or should have known that entering a guilty plea in absentia was unlawful and irregular. *Id.* at 13. Finally, Plaintiff alleges that Jenifer H. Berger and Prince George's County State's Attorney Angela Alsobrooks unjustifiably dismissed charges against him on August 18, 2011. *Id.* at 16.

## II. DISCUSSION

This Court is obliged by 28 U.S.C. § 1915(a)(1) to screen prisoner complaints and dismiss any complaint that is frivolous, malicious or fails to state a claim upon which relief may be granted. In deciding whether a complaint is frivolous, "[t]he district court need not look beyond the complaint's allegations . . . . It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *See White v. White*, 886 F.2d 721, 722-23 (4th Cir. 1989). Furthermore, the Court may consider *sua sponte* a statute of limitations defense visible on the face of the complaint in the context of §1915 filings. *Nasim v. Warden, Maryland House of Correction*, 64 F.3d 951, 953-54 (4th Cir. 1995).

Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the United States Constitution. *See* 42 U.S.C. § 1983. Under *Bivens* and its progeny, Plaintiffs have a similar remedy against violations of federal or constitutional law committed by federal actors. *See Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971)).

"The statute of limitations for all § 1983 claims is borrowed from the applicable state's statute of limitations for personal-injury actions, even when a plaintiff's particular § 1983 claim

4

does not involve personal injury." *Tommy Davis Const., Inc. v. Cape Fear Pub. Util. Auth.*, 807 F.3d 62, 66–67 (4th Cir. 2015)(citing *Wilson v. Garcia,* 471 U.S. 261, 275–80 (1985)). In Maryland, the applicable statute of limitations is three years from the date of the occurrence. *See* Md. Cts & Jud. Pro. Code § 5-101. Similarly, "[a]s *Bivens* actions do not have an express limit period, claims titled pursuant to *Bivens* are subject to the analogous state statute of limitations." *Samuel v. Palmer,* No. CIV. PJM 09-3141, 2010 WL 2976133. at *2 (D. Md. July 22, 2010). Under Maryland law, Bivens actions are subject to a three year statute of limitations. *See Arawole v. Gaye,* No. CIV.A. PJM-02-167, 2002 WL 32356684. at *1 (D. Md. Feb. 5, 2002). aff'd, 46 F. App'x 206 (4th Cir. 2002). Finally, Plaintiff's legal malpractice claim is also subject to the standard three year statute of limitations for civil cases. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-101.

"Under federal law a cause of action accrues when the plaintiff possesses sufficient facts about the harm done to him that reasonable inquiry will reveal his cause of action." *Nasim v. Warden, Maryland House of Correction,* 64 F.3d 951, 955 (4th Cir. 1995)(citing *United States v. Kubrick,* 444 U.S. 111, 122–24 (1979)). For professional malpractice claims the discovery rule applies, which states that the statute of limitations does "not begin to run against the plaintiff, unless he or she knows, or through the exercise of reasonable diligence should know, of the wrong." *Berringer v. Steele*, 133 Md. App. 442, 493 (2000)(internal citation omitted). The events complained of by Plaintiff occurred at the latest in August 2011 and there are no allegations that the knowledge of the cause of action was fraudulently concealed, such that the tolling of the statute would be proper. Therefore, the instant complaint filed on September 29, 2016, ECF No. 1, is time barred.

Furthermore, to the extent Plaintiff seeks to vacate the Prince George's County conviction entered against him, his claim may not proceed. In *Heck v. Humphrey*, 512 U. S. 477, 486-87 (1994), the Supreme Court held that claims challenging the legality of a conviction are not cognizable in a 42 U.S.C. § 1983 action unless and until the conviction is reversed, expunged, invalidated, or impugned and complaints containing such claims must therefore be dismissed without prejudice. Put another way, Plaintiff's claims for damages cannot be entertained by this Court unless he has first successfully challenged his Prince George's County criminal conviction. Plaintiff fails to indicate in his complaint that he has made efforts to vacate the conviction through the state court system. In the event that he does so and the state courts agree with his assessment of the events surrounding his arrest and, as a result, overturn his conviction, he may re-file his constitutional claim for damages at that time. *See Heck v. Humphrey*, 512 U. S. 477, 486-87 (1994) (42 U.S.C. § 1983 claims impugning the legality of criminal conviction not cognizable unless conviction is reversed).

A separate Order follows.

/s/

GEORGE J. HAZEL
UNITED STATES DISTRICT JUDGE